IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GABRIEL RODRIGUEZ and SARAH
  GIESMAN,

        **Plaintiff,**

v.

LIFE TIME FITNESS, INC., etc.,

        **Defendants.**

**Case No. 2:18-cv-1123**

**JUDGE ALGENON L. MARBLEY**

Magistrate Judge Vascura

## OPINION & ORDER

This matter comes before the Court on Defendants' Motions to Strike Class and Collective Action Claims ("Motion"). (ECF No. 7). In their motion, Defendants ask this court to strike the class and collective action claims brought by Plaintiffs in their complaint, thereby permitting Plaintiffs to bring claims in their individual capacities only. (ECF No. 1). For the reasons set forth below, Defendant's Motion is **DENIED**.

### I. BACKGROUND

Plaintiffs, Gabriel Rodriguez and Sarah Giesman, are Ohio residents who worked at Life Time Fitness as personal trainers, from 2007-2016 and 2016-2017, respectively. Defendant, Life Time Fitness, owns and operates fitness centers throughout the United States. Plaintiffs have brought suit alleging that Life Time's compensation scheme, practice of not recording hours worked or informing personal trainers of their rate of pay, and failure to pay minimum wage or overtime violates the Fair Labor Standards Act ("FLSA") and Ohio labor laws. (ECF No. 1 at p. 5-9). Plaintiffs bring their claims under the FLSA as a collective action for past-due wages,

1

liquated damages for opt in putative class members, and also request additional remedies available under Ohio law by certifying a class pursuant to Federal Rule of Civil Procedure ("FRCP") 23.

Defendants have brought a Motion to strike the class and collective claims from Plaintiffs' pleadings on the basis that another federal district court has already heard these claims and decided not to certify a nationwide collective action. *See Steger v. Life Time Fitness, Inc.*, No. 14-CV-6056, 2016 WL 245899 (N.D. Ill. Jan. 21, 2016). Plaintiffs argue that the Illinois decision only addressed a nationwide class, not the more narrowly drawn Ohio class and that intervening Sixth Circuit case law, *Stein v. HHGREGG, Inc.*, 873 F.3d 523 (6th Cir. 2017), counsels against the application of comity because that decision held a compensation scheme like the one at issue in their complaint unlawful.

## II. STANDARD OF REVIEW

The Court, upon motion or on its own, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are entrusted to the "sound discretion of the trial court, but are generally disfavored." *Yates-Mattingly v. University of Cincinnati*, No. 1:11–cv–753, 2013 WL 526427, at *1 (S.D. Ohio Feb. 11, 2013). Indeed, "[s]triking pleadings is considered a drastic remedy to be used sparingly and only when the purposes of justice so require." *Id.* (citing *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953)). The Court should not grant a motion to strike if "the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Joe Hand Promotions, Inc. v. Havens*, 2:13–cv–0093, 2013 WL 3876176, at *1 (S.D. Ohio July 26, 2013) (internal quotation omitted). On the other hand, "motions to strike 'serve a useful purpose by eliminating insufficient defenses and saving

the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.'" *Id.* (internal quotations omitted).

### III. LAW AND ANALYSIS

#### A. Comity

Defendants urge this court to apply the principles of comity in striking the Plaintiff's class and collective action claims. The application of the principles of comity to another district court's decision to deny class certification has not been addressed by the Sixth Circuit[1] but was alluded to by the Supreme Court in *Smith v. Bayer Corp.*, 564 U.S. 299, 131 S. Ct. 2368, 180 L. Ed. 2d 341 (2011), and thereafter discussed by at least one district court in the Southern District of Ohio.

In *Bayer*, the Supreme Court determined that the doctrine of collateral estoppel— issue preclusion— is inapplicable in the context of a prior denial of class certification. In the decision, the Supreme Court clarified that a District Court's decision that a class cannot be certified is not entitled to preclusive effect as against a putative class member because the putative class member cannot be considered a party to the first suit precisely because a class was not formed. *Id.* at 314. After acknowledging that this decision may result in forum shopping and serial relitigation by changing the name plaintiff and refiling, the Supreme Court noted "we would expect federal courts to apply principles of comity to each other's class certification decisions when addressing a common dispute." *Id.* at 317.

---

[1] The Sixth Circuit has considered the analogous, but here inapplicable, "first-to-file" rule of comity guiding a district court's decision to stay its proceedings where a parallel class action suit has been filed in another district court. *See Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) ("The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank . . . when actions involving nearly identical parties and issues have been filed in two different district courts").

The Southern District of Ohio considered and applied principles of comity in deciding to deny class certification in *Barrett v. ADT Corp.*, No. 2:15-CV-1348, 2016 WL 865672 (S.D. Ohio Mar. 7, 2016). *Barrett* discussed the application of comity to a prior decision denying certification of a class. The District court cautioned that comity is not "blindly adhering" to a prior decision and is a principle of "consideration" wherein prior decisions are "helpful or guiding, but not controlling." *Id.* at *10. In *Barret*, the court considered a prior district court's decision to deny certification of a nationwide class in deciding to deny certification for a subset of that nationwide class. In *Barrett*, unlike in the instant case, the plaintiffs carried out extensive discovery and requested and received "all information within [the defendant's] possession that is pertinent to the proposed class." In the nationwide claims brought before Judge Coleman in *Steger*, plaintiffs were permitted to conduct limited discovery, but did not obtain any Ohio specific discovery. Further, the motion at issue here is a motion to strike, not one for certification of a class as in *Barrett*.

The Seventh Circuit has interpreted the *Bayer* decision's allusion to comity as permitting, but not requiring, a district court to defer to an earlier decision denying certification of a class. *Smentek v. Dart*, 683 F.3d 373, 376 (7th Cir. 2012) ("unlike res judicata, [comity] is a doctrine that does not require but merely permits preclusion"). In *Smentek*, the Seventh Circuit found no error in the district court's decisions to certify a class that had been previously denied. The Seventh Circuit discussed the Supreme Court's decision in *Bayer* and stated that the Court's concept of comity was not mandatory, but merely permitted preclusion, noting: "if the Court had [made the rule of comity mandatory] it would have affirmed the injunction granted in the district court in that case (and affirmed by the court of appeals) against the copycat class action suit, instead of reversing, as it did." *Id.* at 376.

In the Ninth Circuit, a district and appeals courts grappled with the issue of comity in the context of prior denials of class certification in *Baker v. Microsoft Corp.*, 797 F.3d 607, 620 (9th Cir. 2015), *rev'd and remanded*, 137 S. Ct. 1702, 198 L. Ed. 2d 132 (2017), and *rev'd and remanded*, 884 F.3d 811 (9th Cir. 2018). In a decision that was subsequently reversed on other grounds by the Supreme Court, Circuit Judge Bea, concurring in judgment only, supported the district court's adoption of the American Law Institute's (ALI) suggestion that a prior district court's judgment be given a rebuttable presumption of correctness which can be overcome by a showing of changed factual or legal circumstances or earlier clear error.

While district courts in other jurisdictions have found it appropriate to strike class claims that had been previously denied,[2] this court's prior decisions guiding when pleadings may be stricken prior to the close of discovery counsels against such a drastic measure. *See Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 246 (S.D. Ohio 2017) (denying motion

---

[2] *See Baker v. Home Depot USA, Inc.*, 2013 WL 271666, *5 (N.D. Ill. 2013) (granting motion to strike based on materially identical actions of other classes in which "named plaintiffs could not satisfy the commonality, typicality, and adequacy requirements of Rule 23(a), that individual issues of fact and law would predominate, and that a class action would not be manageable, nor the superior method for resolving the claims brought"); *Edwards v. Zenimax Media Inc.*, No. 12-CV-00411-WYD-KLM, 2012 WL 4378219 (D. Colo. Sept. 25, 2012) (granting motion to strike class claims where general allegations, claims for relief, and damages were identical, the facts were substantially similar, and both complaints were filed on behalf of nearly identical classes); *Gomez v. St. Vincent Health, Inc.*, No. 1:08CV0153-DFH-DML, 2009 WL 1853120 (S.D. Ind. June 25, 2009), *aff'd*, 649 F.3d 583 (7th Cir. 2011), *as modified* (Sept. 22, 2011) (denying motion for class certification finding that class counsel would be inadequate because he had previously brought and lost case with nearly identical arguments, allegations and class counsel was attempting to "relitigate the same questions" that had already been decided by another judge in the same district). *But see Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-CV-02432-WYD-KMT, 2013 WL 5448078, at *2 (D. Colo. Sept. 27, 2013) (denying motion to strike class claims from plaintiff's pleadings noting that "a motion to strike class allegations is even more disfavored than other motions to strike under Rule 12(f) . . . . because it requires a reviewing court to preemptively terminate the class aspects of ... litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.") (internal citations omitted).

5

to strike class claims).  In *Progressive*, this Court stated that "courts should exercise caution when striking class action allegations based solely on the pleadings, because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* (internal quotations omitted) (*citing Geary v. Green Tree Servicing, LLC*, No. 2:14-cv-00522, 2015 WL 1286347, at *15 (S.D. Ohio Mar. 20, 2015)).

The case law discussed above instructs that: (1) the burden is onerous for striking a pleading, particularly one involving class claims; and (2) as to the deference to be accorded to prior district court decisions the inquiry is discretionary, fact based, and dependent on whether the case brought before a court shares the same parties, allegations, claims, class counsel, and remedies.

Despite similarities in the claims alleged in the Illinois action and in the instant case, the more narrowly drawn Ohio class could qualify for class certification under the FLSA or FRCP 23. Further, Plaintiff's pleadings do not rise to the level of "redundant, immaterial, impertinent, or scandalous matter" and it would thus be inappropriate to strike their class and collective action claims.  Since Defendants cannot establish with certainty on the face of the pleadings that Plaintiffs will fail to certify a class, this Court declines to strike the Plaintiffs' class and collective action claims at this time. *See Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-CV-02432-WYD-KMT, 2013 WL 5448078, at *2 (D. Colo. Sept. 27, 2013) (To prevail on a motion to strike class claims, "Defendant must demonstrat[e] from the face of plaintiffs' complaint that it will be *impossible* to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove") (internal citations omitted).

## B. Intervening Case Law

Plaintiffs cite to *Stein v. HHGREGG, Inc.*, 873 F.3d 523 (6th Cir. 2017) as an example of intervening caselaw by the Sixth Circuit finding that a compensation policy like Defendant's is unlawful. Defendants distinguish *HHGREGG* by arguing that: (1) *HHGREGG* actually held that a recoverable-draw compensation plan like Lifetime's is lawful; and (2) that Lifetime qualifies for the 7(i) exemption because it pays employees at least 1.5 times the Ohio minimum wage, which is higher than the FLSA minimum wage.

Defendants are correct that *HHGREGG* held that a recoverable-draw compensation plan like Lifetime's is lawful.[3] *See HHGREGG*, 873 F. 3d at 536. Plaintiffs, however, are not challenging the lawfulness of a recoverable draw compensation plan in their complaint, but rather, alleging that Plaintiffs and members of the Ohio class "were consistently and uniformly not paid the minimum wage or overtime pay for all the work they performed during the course of their employment." (ECF No. 1 at p. 20). Thus, the fact that a recoverable draw compensation plan is lawful in theory says nothing about whether Plaintiffs were actually paid the minimum wage for all the work they performed for Lifetime (and not just the work that they clocked in for). This is also supported by the *HHGREGG* decision as the Sixth Circuit determined there that plaintiffs' claims that "hhgregg's managers tolerate and at times encourage their employees to work off the clock without compensation" alleged sufficient facts to survive a motion to dismiss. *HHGREGG*, 873 F. 3d at 538. Further, the *HHGREGG* decision's focus was on whether the district court erred in dismissing certain of the plaintiff's class and collective action claims, whereas Defendants here

---

[3] *HHGREGG* held that a recoverable draw plan that required employees to pay back outstanding draw payments upon or after termination violated the FLSA. *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 536 (6th Cir. 2017)

have brought forth a motion to strike. Since the standard for dismissing claims is different from that for striking pleadings, *HHGREGG* has little bearing on this court's decision to deny Defendant's motion to strike.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Strike is **DENIED.**

 **IT IS SO ORDERED.**


                                                        <u>s/Algenon L. Marbley</u>
                                                       **ALGENON L. MARBLEY**
                                                       **UNITED STATES DISTRICT JUDGE**

**DATED: September 25, 2019**